UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE17 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>v.<br><br>225 E. DEERPATH, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CROP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS,<br><br>Defendants. | Case No.<br><br>Property<br>255 E. Deerpath Road,<br>Lake Forest, Illinois, 60045<br><br>**NON-RESIDENTIAL** |

**VERIFIED COMPLAINT FOR MORTGAGE FORECLOSURE AND OTHER RELIEF**

Plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE17 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES ("Plaintiff" or "Lender"), acting by and through its special servicer, Midland Loan Services, a division of PNC Bank, National Association ("Midland"), by its undersigned counsel, hereby complains of the following defendants (collectively, "Defendants"): (1) 225 E. DEERPATH, LLC ("Borrower"); (2) WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CROP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1 ("Wells Fargo"); and (3) Unknown Owners and Unknown and Non-Record Claimants:

**PARTIES**

1. Plaintiff is a national banking association domiciled in, and a citizen of Minnesota.

2. Defendant 225 E. Deerpath, LLC is a Delaware limited liability company with its principal place of business located at 220 E. Walton Pl. #9E, Chicago, IL, 60611. The members of 225 E. Deerpath, LLC are citizens of and domiciled in Illinois.

3. Defendant Wells Fargo is a national banking association domiciled in, and a citizen of, South Dakota.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. The U.S. District Court for the Northern District of Illinois (the "Court") has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is civil in nature, complete diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim occurred in this district.

**GENERAL ALLEGATIONS**

6. Plaintiff files this Complaint, pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage (as defined below) against Defendants.

7. Attached hereto as **Exhibit "1"** and incorporated herein is a true and correct copy of that certain Mortgage, Assignment of Leases and Rents and Security Agreement by Borrower and for the benefit of Jefferies LoanCore LLC ("Original Lender") dated December 31, 2013, and recorded with the Lake County Recorder of Deeds on January 16, 2014, as File No. 7070669 (the "Mortgage").

8. Attached hereto as **Exhibit "2"** and incorporated herein is a true and correct copy of that certain Promissory Note dated December 31, 2013 (the "Note") by and between Borrower for the benefit of Original Lender and in the principal amount of Twelve Million Dollars and No Cents ($12,000,000.00) (the "Loan").

9. Attached hereto as **Exhibit "3"** and incorporated herein is a true and correct copy of that certain Assignment of Leases and Rents dated December 31, 2013, executed by Borrower for the benefit of Original Lender and recorded with the Lake County Recorder of Deeds on January 16, 2014, as File No. 7070670.

10. Attached hereto as **Exhibit "4"** and incorporated herein is a true and correct copy of that certain Assignment and Assumption of Interest Under Mortgage, Assignment of Leases and Rents and Security Agreement dated April 14, 2014, executed by Original Lender for the benefit of JLC Warehouse IV LLC Series B ("JLC") and recorded with the Lake County Recorder of Deeds on April 22, 2014, as File No. 7093321.

11. Attached hereto as **Exhibit "5"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement executed by Original Lender for the benefit of JLC and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106585.

12. Attached hereto as **Exhibit "6"** and incorporated herein is a true and correct copy of that certain Assignment and Assumption of Interest Under Assignment of Leases and Rents dated April 14, 2014, executed by Original Lender for the benefit of JLC and recorded with the Lake County Recorder of Deeds on April 22, 2014, as File No. 7093322.

13. Attached hereto as **Exhibit "7"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents executed by Original

Lender for the benefit of JLC and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106626.

14. Attached hereto as **Exhibit "8"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement executed by JLC for the benefit of Original Lender and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106613.

15. Attached hereto as **Exhibit "9"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents executed by JLC for the benefit of Original Lender and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106667.

16. Attached hereto as **Exhibit "10."** is a true and correct copy of that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement executed by Original Lender for the benefit of Lender and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106726.

17. Attached hereto as **Exhibit "11"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents dated May 13, 2014, executed by Original Lender for the benefit of Lender and recorded with the Lake County Recorder of Deeds on June 16, 2014, as File No. 7106742.

18. Attached hereto as **Exhibit "12"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement in favor of Original Lender, recorded with the Lake County Recorder of Deeds on January 16, 2014, as File No. 7070671.

19. Attached hereto as **Exhibit "13"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement Amendment in favor of JLC, recorded with the Lake County Recorder of Deeds on April 22, 2014, as File No. 7093323.

20. Attached hereto as **Exhibit "14"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement Amendment in favor of JLC, recorded with the Lake County Recorder of Deeds on July 1, 2014, as File No. 7111005.

21. Attached hereto as **Exhibit "15"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement Amendment (Assignment) in favor of Original Lender, recorded with the Lake County Recorder of Deeds on July 1, 2014, as File No. 7111006.

22. Attached hereto as **Exhibit "16"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement Amendment (Assignment) in favor of Lender, recorded with the Lake County Recorder of Deeds on July 1, 2014, as File No. 7111007.

23. Attached hereto as **Exhibit "17"** and incorporated herein is a true and correct copy of that certain UCC Financing Statement Amendment (Assignment) in favor of Lender, recorded with the Lake County Recorder of Deeds on August 28, 2018, as File No. 7508929.

24. Attached hereto as **Exhibit "18"** is a true and correct copy of that certain Loan Agreement dated December 31, 2013 (the "Loan Agreement"). The foregoing documents, and all other agreements and documents evidencing, securing, or otherwise relating to the Loan are collectively referred to herein as the "Loan Documents." The obligations set forth in the Loan Agreement are secured by the Mortgage, and the Note, among other documents.

**COUNT I**
**CLAIM OF FORECLOSURE ON MORTGAGE AND NOTE**

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Information concerning said Mortgage is as follows:

   a. <u>Nature of the instrument</u>: Mortgage.

   b. <u>Date of the Mortgage</u>: December 31, 2013.

   c. <u>Name of Mortgagor</u>: 225 E. DEERPATH, LLC.

   d. <u>Name of Mortgagee</u>: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE17 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES.

   e. <u>Date and Place of Recording and Identification of Recording</u>: The Mortgage was recorded with the Lake County Recorder of Deeds on January 16, 2014, as Document No. 7070669.

   f. <u>Interest subject to the Mortgage</u>: Fee Simple.

   g. <u>Amount of Original Indebtedness</u>: $12,000,000.00.

   h. <u>Legal Description of mortgaged real estate, Pins, Common Address, and Description of mortgaged personal property</u>: [1]

   PARCEL 1:
   THE EASTERLY 33 FEET OF THE NORTHERLY 112.46 FEET OF THE WESTERLY HALF OF LOT 333 IN THE CITY OF LAKE FOREST, IN THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 44 NORTH, RANGE 12, EAST OF THE THIRD PRINICPAL MERIDIAN, IN LAKE COUNTY, ILLINOIS.

   PARCEL 2:
   THE WESTERLY HALF OF LOT 333 (EXCEPT THE SOUTHERLY 17.5 FEET OF THE WESTERLY 132 FEET THEREOF AND EXCEPT THE EASTERLY 33 FEET OF THE NORTHERLY 112.46 FEET THEREOF), IN THE CITY OF LAKE FOREST, IN THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 44 NORTH, RANGE 12, EAST OF THE PRINCIPAL MERIDIAN, IN LAKE COUNTY, ILLINOIS.

   PARCEL 3:

---

[1] The Mortgage (Exhibit 1) contains a scrivener's error in the legal description for Parcel 1, as it lists "Northwest" (corrected herein) as "Norwest", which is inconsistent with the Title Policy for the Property.

THAT PART OF LOT 329 IN THE CITY OF LAKE FOREST IN THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 44 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:, TO WIT: COMMENCING ON THE WESTERLY LINE OF SAID LOT AT A POINT 50 FEET SOUTHERLY OF THE NORTHWEST CORNER OF SAID LOT; RUNNING THENCE SOUTHERLY ALONG THE WESTERLY LINE OF SAID LOT, 50 FEET; THENCE EASTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID LOT, 132 FEET; THENCE NORTHERLY PARALLEL WITH THE WESTERLY LINE OF SAID LOT, 50 FEET; THENCE WESTERLY PARALLEL WITH THE NORTHERLY LINE, 132 FEET TO THE POINT OF BEGINNING, IN LAKE COUNTY, ILLINOIS.

PARCEL 4:
THE NORTHERLY 50 FEET OF THE WESTERLY 132 FEET OF LOT 329 AND THE SOUTHERLY 17.5 FEET OF THE WESTERLY 132 FEET OF LOT 333 IN THE CITY OF LAKE FOREST IN THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 44 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN LAKE COUNTY, ILLINOIS.

Pins: 12-33-119-001, 12-33-119-005, 12-33-119-006, 12-33-119-007, 12-33-119-008.

Common Address: 225 E. Deerpath Road, Lake Forest, Illinois 60045.

The Mortgage constitutes a security agreement pursuant to the Uniform Commercial Code. Thus, the real estate described above (the "Property") to be foreclosed, includes certain personal property related thereto, including all personal property of any kind or nature whatsoever, tangible and intangible, used in relation to the maintenance, use, occupancy and enjoyment of the Property (including, without limitation, all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, all deposits and deposit accounts and all other personal property of any kind or character whatsoever (collectively, the "Personal Property"). Pursuant to 810 ILCS 5/9-604(a), Lender has elected to proceed against both the real estate and the Personal Property pursuant to this foreclosure action.

 i. Statement as to Defaults and Amounts Now Due: Borrower is in default under the Loan Documents by reason of, without limitation, Borrower's: failing to pay the indebtedness when due on May 6, 2020.

Accordingly, the Loan Documents are in default and the entire unpaid balance is immediately due and payable pursuant to Section 10(a)(i) of

the Loan Agreement and Article 2 of the Note. As of January 24, 2021, the balance due under the Loan Documents, after any applicable credits, was not less than the sum of $13,599,878.53, consisting of, among other things, $11,373,079.66 in principal, interest of $995,106.56[2], and late charges and other fees of $2,196,284.48 with attorneys' fees and costs of collection to be added thereto. Interest continues to accrue at a rate of 5.98 percent *per annum* in accordance with Section 2.2.1 of the Loan Agreement, as more particularly described therein. Additional interest is accruing at a rate of 5 percent pursuant to Section 2.2.2 of the Loan Agreement, and will compound monthly. Late fees continue to accrue.

The total amount due under the Loan Documents, including accruing interest, late fees, and attorneys' fees and expenses shall hereinafter be referred to as the "Indebtedness."

j. Present title holders of the Property: 225 E. Deerpath, LLC.

k. Other persons in addition to such title holders who Plaintiff joins as Defendants and whose interest in or lien on the Property are sought to be terminated:

1) Wells Fargo Bank, N.A., as Trustee for the Registered Holders of the Credit Suisse First Boston Mortgage Securities Crop., Commercial Mortgage Pass-Through Certificated, Series 20007-C1.
2) All Unknown Owners and Unknown and Non-Record Claimants.

l. Defendants who are personally liable for any deficiency:

1) Borrower.

m. Capacity in which Lender brings this foreclosure action: Lender is the legal owner and holder of the Mortgage and the Loan Documents herein described and is entitled to all sums due thereunder.

n. Facts in support of shortened redemption period: The right of reinstatement and redemption has been waived pursuant to Section 14 of the Mortgage, titled *Marshalling and Other Matters*.

o. Statement that the right of redemption has been waived: The right of reinstatement and redemption has been waived pursuant to Section 14

---

[2] Default Interest has accrued from May 6, 2020 through January 24, 2021 in the amount of $417,012.92. Default interest continues to accrue.

of the Mortgage, titled *Marshalling and Other Matters*, among other provisions, which provides:

> [Borrower] hereby waives, to the extent permitted by law, the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein. Further, [Borrower] hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Mortgage, and on behalf of each and every person acquiring any interest in or title to the Property subsequent to the date of this Mortgage and on behalf of all persons to the extent permitted by applicable law.

p.  <u>Facts in support of request for attorneys' fees and costs and expenses</u>: Section 10(h) of the Mortgage, titled *Remedies*, provides as follows:

> All costs and expenses of [Lender] exercising its rights and remedies under this Paragraph 10 (including reasonable attorneys' fees and disbursements to the extent permitted by the law) shall be paid by [Borrower] immediately upon notice from [Lender], with interest at the Default Rate for the period after notice from [Lender], and such costs and expenses shall constitute a portion of the Debt and shall be secured by this Mortgage.

In addition, Section 5.29 of the Loan Agreement, titled *Expenses*, respectively, provide as follows:

> Borrower shall reimburse Lender upon receipt of notice for all reasonable out-of-pocket costs and expenses (including reasonable attorneys' fees and disbursements) incurred by Lender or Servicer in connection with the Loan . . .

q.  <u>Facts in support of a request for appointment of receiver</u>: Section 10(vii) of the Mortgage permits the Lender to take the following action in order to "protect and enforce its rights" against Borrower and in the Property:

        [A]pply for the appointment of a trustee, receiver, liquidator or conservator of the [Property], without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of [Borrower], or any person, firm, or other entity liable for the payment of the Debt.

r.    Lender does NOT offer to accept title to the Property in satisfaction of the Indebtedness and obligations secured by the Mortgage without judicial sale.

s.    <u>Defendants whose rights to possess the Property, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof</u>:

    1)    Borrower;
    2)    Wells Fargo Bank, N.A.; and
    3)    All Unknown Owners and Unknown and Non-Record Claimants.

    Lender's interest in the Property is superior to the rights, if any, held by the above-named entities and individuals.

WHEREFORE, Lender respectfully asks this Court for the following relief:

a.    Declare the Mortgage as a first and prior lien on the Property that is superior to any and all interests of Defendants in the Property;

b.    Enter a judgment of foreclosure and sale directing that the Property described herein be sold to satisfy the Indebtedness due under the Loan Documents, including, without limitation, attorneys' fees, costs, and any post-judgment statutory interest and fees and costs awarded by the Court;

c.    Enter a judgment in favor of Lender and against Borrower for any deficiency if the sale of the Property fails to produce a sufficient amount to pay the amount found due;

d.    Enter an order declaring that the reinstatement and redemption periods have been waived;

e.    Enter an order appointing a receiver upon the filing of an appropriate motion; and

f.    Enter an order granting such other and further relief as the Court may deem just and appropriate under the circumstances.

Dated: February 12, 2021                              /s/ *Jason J. DeJonker*
                                                                                  Counsel for Plaintiff

Jason J. DeJonker
Demetria L. Hamilton
Melissa R. Whigham

BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: 312-602-5000
Jason.DeJonker@bclplaw.com
Demetria.Hamilton@bclplaw.com
Mel.Whigham@bclplaw.com

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the preceding *Verified Complaint for Mortgage Foreclosure and Other Relief* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that they verily believe to be true.

Dated: February 11, 2021

Signature: _[signature]_
Name: Michael Strutz
Title: Asset Resolution Consultant

USA.602920984.1/YMN